UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SHANNON CHRISTINE COOPER,

        Plaintiff,           CIV. S-04-0844 PAN

    v.

JO ANNE B. BARNHART,           Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. § 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. § 416.920(c). Third, the medical evidence

of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. § 416.920(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. § 416.920(f).

Defendant found plaintiff was eligible, suffered from a spinal cord injury from a diving accident, addressed by fusion of three vertebra at C4-6, that she met no listing, that she retains the capacity for her past work as a house cleaner and is not disabled.  Tr. 15-16.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the  Commissioner's findings are supported by substantial evidence. <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion. Richardson, 402 U.S. at 401. The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision. Gonzalez v. Sullivan, supra, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

Defendant rejected plaintiff's testimony about the limitations imposed by pain upon the ground "various radiological studies that have been reported as normal" and that she can avoid tiredness and other symptoms by taking less pain medicine and rejected the opinion of her neurological surgeons that she is incapable of even sedentary work upon the ground it is "too restrictive" and is "refuted on the basis of the claimant's daily activities including getting her three children ready for school, doing some housework and helping her children with their homework." Tr. 14.

The reasons for rejecting this evidence are not legitimate. See Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1995) (standards for rejecting testimony about pain); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995). Defendant's

3

findings are not supported by substantial evidence and the decision is reversed with directions to award benefits.  See <u>Distasio v. Shalala</u>, 47 F.3d 348 (9th Cir. 1995) (court has discretion to award benefits when the record is fully developed and there are no outstanding issues to be resolved).

So ordered.

Dated:  May 16, 2005.

                                        /s/ Peter A. Nowinski  
                                        PETER A. NOWINSKI  
                                        Magistrate Judge